# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GREGORY BAILEY (#21886)**                          **CIVIL ACTION**

**VERSUS**

**E.B.R. PARISH PRISON, ET AL.**                      **NO. 12-0224-JJB-RLB**

## O R D E R

This matter comes before the Court on the Motion of defendant Dennis Grimes to Designate Rulings as Final and Appealable (Rec. Doc. 118).

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against EBRPP, Warden Dennis Grimes, the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Judge Tony Marabella and Dr. Vincent Leggio, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs while he was confined at that facility, specifically through a failure to provide him with appropriate dental care. Pursuant to previous Rulings in this case (Rec. Docs. 51 and 117), the Court has dismissed the plaintiff's claims asserted against EBRPP, the Nineteenth Judicial District Court, Judge Tony Marabella and Warden Dennis Grimes, and has declined the exercise of supplemental jurisdiction over the plaintiff's state law claims.

The moving defendant now seeks certification that "all rulings in his favor" in this case are final and appealable pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. This Rule provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the

court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Court concludes, based upon a review of the record, that the defendant's motion should be denied. The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Industries, Inc. v. Harrison County Waste Water Management District*, 81 F.3d 1412, 1421 (5th Cir. 1996). The Fifth Circuit Court explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant [Rule 54(b)] certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id., citing Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2nd Cir. 1985).

The defendant in this case articulates no particular hardship or injustice which may result if the Court does not certify the referenced rulings for immediate appeal. Moreover, the inefficiency resulting from piecemeal appeals would certainly be present in this case because the issues likely to be presented in connection with any appeal relative to the moving defendant would also likely be presented in connection with any appeal relative to at least one of the other defendants. This is so because defendant Vincent Leggio worked with defendant Grimes at the East Baton Rouge Parish Prison during the time in question and is also alleged to have been deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment. Accordingly, a Rule 54(b) certification of the referenced rulings would unquestionably present the possibility, if not the likelihood, of piecemeal appeals, and is therefore not warranted in this case. Therefore,

**IT IS ORDERED** that the defendant's Motion to Designate Rulings as Final and

Appealable (Rec. Doc. 118) be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ⌒6th day of May, 2014.

**JAMES J. BRADY**
**UNITED STATE DISTRICT JUDGE**