UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY BAILEY (#21886)                               CIVIL ACTION

VERSUS

E.B.R. PARISH PRISON, ET AL.                          NO. 12-0224-JJB-RLB

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on July 14, 2014.

                                    RICHARD L. BOURGEOIS, JR.
                                    UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GREGORY BAILEY (#21886)**                                 **CIVIL ACTION**

**VERSUS**

**E.B.R. PARISH PRISON, ET AL.**                             **NO. 12-0224-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion filed by defendant Vincent Leggio to Dismiss the Complaint Pursuant to FRCP Rule 4(m) (Rec. Doc. 107). This motion is opposed.

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against EBRPP, Warden Dennis Grimes, the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Judge Tony Marabella and Dr. Vincent Leggio, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs while he was confined at that facility, specifically through a failure to provide him with appropriate dental care. Pursuant to previous Rulings in this case (Rec. Docs. 51 and 117), the Court has dismissed the plaintiff's claims asserted against EBRPP, the Nineteenth Judicial District Court, Judge Tony Marabella and Warden Dennis Grimes, and has declined the exercise of supplemental jurisdiction relative to the plaintiff's state law claims.

The instant motion seeks dismissal of the plaintiff's claims asserted against defendant Leggio, contending that because service of process was not effected within 120 days of the filing of the Complaint as mandated by Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff's claims asserted against this defendant should be dismissed.

Inasmuch as the plaintiff was proceeding *pro se* in this case, the Court, pursuant to Order dated April 20, 2012 (Rec. Doc. 4), directed the United States Marshal's Office to serve the defendants named herein, wherever found. In accordance with normal procedure, the Marshal's Office forwarded correspondence to the plaintiff directing him to fill out and return a copy of United States Marshal's Form USM-285, providing the names and addresses of the defendants to be served. The plaintiff returned the completed form to the Marshal's Office, indicating thereon that the Marshal should serve defendant Leggio at the East Baton Rouge Parish Prison. *See* Rec. Doc. 13. The record reflects that the United States Marshal's Office thereafter delivered the summons and Complaint to the prison on or about June 18, 2012, and the hand-written notation on the Marshal's Return indicates that the papers were "refused for Dr. Leggio" at that location. *Id.* The referenced Marshal's Return was filed into the record, and a copy thereof was sent to the plaintiff at his record address. Notwithstanding, although motions to dismiss were thereafter filed by the other defendants in the case, and although the plaintiff took action to respond thereto, through the filing of memoranda in opposition to the defendants' motions and through the filing of an amendment to his Complaint, he took no further action to obtain service upon defendant Leggio, and no appearance was thereafter made on behalf of this defendant, either by motion or by answer filed in this proceeding.

Finally, on or about November 9, 2012, the plaintiff filed a Motion for Default Judgment (Rec. Doc. 37), complaining therein that a judgment against defendant Leggio was warranted because the defendant had failed to make an appearance in this case. Pursuant to Order dated November 26, 2012 (Rec. Doc. 39), the Court denied the referenced motion, noting that "defendant Leggio has not been served with process." In addition, the plaintiff filed a Motion for a Pretrial Conference on or about November 26, 2012 (Rec. Doc. 40), and in an attached

memorandum, he acknowledged that defendant Leggio had not been served but asserted that service *should* have been accepted for the defendant at the prison and that there was no justification for refusal because the defendant "work[s] here Tuesday and Friday," and "his job address is a good address to be served." *Id.*  Accordingly, the plaintiff again prayed that the Court "would granted this Motion for Default Judgment." *Id.*  The Court denied the plaintiff's request for a pretrial conference as premature.  *See* Rec. Doc. 41.  Finally, on or about January 27, 2013, the plaintiff filed a "Motion for United States Marshals Service" (Rec. Doc. 47), asserting therein that the prior attempt at service upon Dr. Leggio had been ineffective because the attempt had been made "at the wrong time."  The plaintiff further asserted that the Marshal's Office should be directed to again attempt service at the prison, specifically "on [a] Tuesday in between 6:30 a.m. and 9:00 a.m.," which is apparently when the defendant was normally present at the facility.  *Id.*  Pursuant to Order dated July, 11, 2013 (Rec. Doc. 69), the Court granted the plaintiff's Motion for Service and directed the Marshal's Office to re-serve Dr. Leggio, by personal service, at either the prison or at the defendant's dental office in Baton Rouge, Louisiana.  On December 10, 2013, service was properly effected upon defendant Leggio through personal service, *see* Rec. Doc. 104, and the defendant has responded with the instant Motion to Dismiss.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  This Rule further provides, however, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  A determination regarding whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and

depends upon the particular circumstances of the case. *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id., quoting Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). A district court retains the discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Further, it may be an abuse of discretion for the Court to dismiss a defendant, even in the absence of good cause, where the effect of such dismissal would be a dismissal with prejudice because of the running of the applicable limitations period. *See Millan v. USAA General Indemnity Company*, 546 F.3d 321, 325-26 (5th Cir. 2008).

In the instant case, as noted above, the Court appointed the United States Marshal's Office to effect service on the defendants in this case, as required by Rule 4(c)(3) of the Federal Rules of Civil Procedure. In such instance, an incarcerated *pro se* plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant," *Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987). However, once a plaintiff is placed on notice of deficiencies in service, he may not "remain silent and do nothing to effectuate such service." *Id.* at 1110. *See also Ellibee v. Leonard*, 226 Fed. Appx. 351, 358 (5th Cir. 2007). "At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson, supra,* 828 F.2d at 1110. If the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will ordinarily be unable to show good cause for such failure. *Id. See also Lindsey v. United States Railroad Retirement Board,*

*supra*, 101 F.3d at 447.

In the instant case, after the appointment of the United States Marshal's Office for service, the plaintiff provided the Marshal's Office with the address of the prison where he was confined and where defendant Leggio provided contract services on a weekly basis, as the place where the defendant could be served. Had the Marshal been able to deliver the summons and Complaint to the defendant personally at that location, service would have been proper at that time.[1] However, inasmuch as Dr. Leggio was apparently either not present or not made available to the Marshal on the date that service was attempted, and inasmuch as prison personnel were not authorized by appointment or by law to accept service on the defendant's behalf, service was refused as to Dr. Leggio on June 18, 2012. *See* Rec. Doc. 13. Further, by receipt of the service copy of the Marshal's Return, the plaintiff was placed on notice that service had not been effected as to this defendant. Notwithstanding, the plaintiff took no action to obtain service upon Dr. Leggio for a period of five (5) months until, in November, 2012, the plaintiff filed a Motion for Default Judgment as to the defendant (Rec. Doc. 37) and a Motion for a Pretrial Conference (Rec. Doc. 40), wherein he presented the legally untenable argument that service *should* have been accepted on Dr. Leggio's behalf by prison personnel. Upon denial of these motions on November 26 and 29, 2012, respectively (Rec. Docs. 39 and 42), the plaintiff took no action for

---

1. Pursuant to Fed. R. Civ. P. art. 4(e), unless federal law provides otherwise, an individual may be served (1) by delivering a copy of the summons and complaint to the individual personally, (2) by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, (3) by delivering a copy to an agent authorized by appointment or by law to receive service of process, or (4) in accordance with the procedures utilized by the state for service of process. Louisiana law similarly provides that, in the absence of an authorized or appointed agent, service must be made by delivery of the Complaint either to a defendant personally or to a person of suitable age and discretion at the defendant's domicile. *See* La. Code Civ. P. art. 1231, *et seq. See also Drago v. Drago*, 477 So.2d 786, 788 (La. App. 5th Cir.), *writ denied*, 478 So.2d 1236 (La. 1985).

another two (2) months, until January 29, 2013, when he filed a Motion for United States Marshals Service (Rec. Doc. 47).

Based on the foregoing chronological recitation, the Court concludes that the plaintiff has failed to show good cause for the untimely service in this case. Notwithstanding, as noted above, the Court retains the discretion to extend the time for service even in the absence of good cause. Further, inasmuch as a dismissal of defendant Leggio at this time would likely operate as a dismissal with prejudice (because of the running of the applicable limitations period), the Court's authority to dismiss this defendant is limited. It has generally been held that "dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice. *Millan v. USAA General Indemnity Company, supra*, 546 F.3d at 326 (internal quotations marks omitted). The delay must be longer than a few months and "must be characterized by significant periods of total inactivity." *Id. at 327 (internal quotation marks omitted). See also McGrew v. McQueen*, 415 Fed. Appx. 592, 596 (5th Cir. 2011). Dismissals with prejudice are generally reserved for "egregious and sometimes outrageous delays" by the plaintiff that threaten the integrity of the judicial process and often prejudice the defense. *Millan v. USAA General Indemnity Company, supra*, 546 F.3d at 327. "[I]t is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id. (internal quotation marks omitted)*. When the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 326.

Based upon the foregoing, the Court finds that a dismissal with prejudice of the plaintiff's claims asserted against defendant Leggio is not warranted. Although the plaintiff failed to serve the defendant for over a year (thereby fulfilling the requirement that the delay be more than a few months), this failure does not appear to threaten the integrity of the judicial process, and there is no evidence or claim of actual prejudice to the defendant. *See Reynolds v. Dallas County*, 2009 WL 2591192, *4 (N.D. Tex. Aug. 21, 2009) (concluding that the plaintiff's failure to serve the defendant for more than a year did not threaten the integrity of the judicial process). Unlike cases where a clear record of delay has been found, this case is not marked by obstinate refusals by the plaintiff to respond to court orders or extensions, or by any "significant periods of total inactivity." *See, e.g., Mcgrew v. McQueen, supra*, 415 Fed. Appx. at 596-97 (noting that the plaintiff received multiple extensions but did not file a motion for leave to submit summons until almost eight months after the second extension); *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008) (noting that the plaintiff was provided with notice from the court that he faced an impending dismissal upon failure to effect timely service yet served the defendant seven months after filing suit). Nor is there any indication of contumacious conduct on the part of the plaintiff. To the contrary, the plaintiff's inaction in this case relative to defendant Leggio appears to be, at most, negligence and not a "stubborn resistance to authority." *See Millan v. USAA General Indemnity Company, supra*, 546 F.3d at 327. The plaintiff initially provided an address for service upon defendant Leggio that reasonably appeared to be sufficient, *i.e.*, the prison where the defendant then worked and thereafter continued to work, and the plaintiff was dependant upon the United States Marshal's Office to effect service. Further, the plaintiff asserts that he did not in fact receive the Marshal's Return of Service indicating that defendant Leggio had not been served, *see* Rec. Doc.

113.   Whether this assertion is true or not, the plaintiff has been vigorously pursuing his rights in connection with this litigation, has obtained discovery from the other defendants, has filed numerous motions (including a Motion for Default Judgment as to defendant Leggio and a subsequent Motion for Marshal's Service), has opposed dispositive motions to dismiss and for summary judgment, and has prosecuted an interlocutory appeal to the Fifth Circuit Court of Appeals from a denial of preliminary injunctive relief.  *Cf., Gartin v. Par Pharmaceutical Companies, Inc., supra*, 289 Fed. Appx. at 694 (noting that "[w]hen considering whether dismissal for insufficient service of process is appropriate, we must consider the ... delay in relation to the specific defendant that has moved to quash service").  In short, the Court is unable to conclude that the plaintiff has engaged in conduct in this case that warrants a dismissal with prejudice of his claims asserted against this defendant.  Accordingly, the defendant's Motion to Dismiss should be denied.

## RECOMMENDATION

It is recommended that the Motion to Dismiss the Complaint Pursuant to FRCP Rule 4(m) (Rec. Doc. 107) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on July 14, 2014.

                                                                     **RICHARD L. BOURGEOIS, JR.**
                                                                     **UNITED STATES MAGISTRATE**