# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GREGORY BAILEY (#21886)**                                    **CIVIL ACTION**

**VERSUS**

**E.B.R. PARISH PRISON, ET AL.**                               **NO. 12-0224-JJB-RLB**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 16, 2015.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GREGORY BAILEY (#21886)**                                    **CIVIL ACTION**

**VERSUS**

**E.B.R. PARISH PRISON, ET AL.**                               **NO. 12-0224-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendant Vincent Leggio (R. Doc. 128). This Motion is opposed.

The *pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against EBRPP, Warden Dennis Grimes, the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Judge Tony Marabella and Dr. Vincent Leggio, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs while he was confined at that facility, specifically through a failure to provide him with appropriate dental care. Pursuant to previous Rulings in this case (R. Docs. 51 and 117), the Court has dismissed the plaintiff's claims asserted against EBRPP, the Nineteenth Judicial District Court, Judge Tony Marabella and Warden Dennis Grimes, and has declined the exercise of supplemental jurisdiction over the plaintiff's state law claims.

The remaining defendant, Dr. Vincent Leggio, now moves to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under this Rule, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and more recently, in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).[1]

---

1. In determining whether to grant a motion to dismiss, a district court generally considers only the allegations of the well-pleaded complaint, as amended, and does not consider

In his complaint, as amended, the plaintiff alleges that in October, 2010, he was confined at the Pine Prairie Correctional Center, a facility to which he had been temporarily transferred from EBRPP while awaiting trial on criminal charges pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. He alleges that on October 20, 2010, he broke one of his teeth at PPCC and that two adjacent teeth became abscessed. The plaintiff requested dental treatment at the Pine Prairie facility, but he was allegedly made to wait nine months by EBRPP officials before being transferred back to EBRPP, and then had to wait two more months before being seen by a dentist at EBRPP. According to the plaintiff, the Pine Prairie facility had an available dentist, but the Warden at EBRPP, defendant Dennis Grimes, refused to authorize payment for treatment at PPCC. The plaintiff asserts that the dentist at EBRPP, defendant Vincent Leggio, attempted twice to extract the plaintiff's teeth but was unable to do so. According to the plaintiff, Dr. Leggio thereafter provided the plaintiff with penicillin, ibuprofen and antibiotics and informed the plaintiff that a referral would be made to a dental surgeon and that the plaintiff would be placed on a list to be taken to an outside facility. The plaintiff complains, however, that the medication provided by Dr. Leggio did not work, was improperly prescribed and caused adverse side effects, and that the outside facilities to which the plaintiff was referred were either unavailable or did not offer the services needed. When the plaintiff asked Dr. Leggio about the delay in treatment, defendant Leggio allegedly responded that

---

documentation "outside the complaint." *Scanlan v. Tex. A&M University*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss in a case filed by a *pro se* plaintiff, however, a district court may consider documents attached to the plaintiff's complaint and those materials subsequently filed. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). *See also Clark v. Huntleigh Corp.*, 119 Fed. Appx. 666, 667 (5th Cir. 2005) (finding that because of the plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments").

Warden Grimes needed to authorize any outside treatment and, later, that defendant Grimes had stated to defendant Leggio that the prison was "out of money." Notwithstanding, defendant Leggio has attested in a previous affidavit filed of record in this case, *see* R. Doc. 91-5, that "[t]he warden at the East Baton Rouge Parish Prison is not involved in the decisions of what treatment will be provided and where it will be provided" to prisoners. The record further reflects that, finally, in August, 2013, the plaintiff was provided with a referral to an outside facility, and several of the plaintiff's teeth were extracted at that time. *See* R. Doc. 91-8 at p. 114 and R. Doc. 103 at p. 6.

Initially, the defendant contends that the plaintiff's claim should be dismissed because of the plaintiff's failure to effect service within 120 days as mandated by Fed. R. Civ. P. 4(m). This contention, however, has since been considered and rejected by the Court, *see* R. Docs. 121 and 130, and the Court will not re-visit this issue at the present time.

The Court will next address the defendant's contention that the plaintiff's claim is premature because, under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, *et seq.*, such a claim may not be prosecuted against a qualified health care provider unless and until the claim has been presented for review before a medical review panel pursuant to La. R.S. 40:1299.47, which the plaintiff has not done. However, although the defendant is correct that, if the plaintiff had asserted only a claim of medical malpractice under state law, the plaintiff's claim would fall under the referenced statute and would therefore be premature, the plaintiff's claim of deliberate medical indifference under the Eighth Amendment asserts a claim based on the violation of constitutional civil rights under 42 U.S.C. § 1983. Accordingly, inasmuch as the Louisiana Medical Malpractice Act defines malpractice as an "*unintentional* tort or breach of contract," *see* La. R.S. 40:1299.41(A)(13) (emphasis added), and inasmuch as a claim for the

violation of constitutional civil rights, in contrast, involves intentional wrongdoing on the part of a state official, or an analogous state of mind described as "deliberate indifference," the Louisiana Medical Malpractice Act has no application to the plaintiff's claim of intentional, willful and malicious wrongdoing. *See Thomas v. James*, 809 F.Supp. 448 (W.D. La. 1993). *See also, Parish v. Lee*, 2004 WL 877103, *13 (E.D. La. April 22, 2004) (reiterating that an inmate plaintiff "is not required to present his § 1983 claims of *intentional* indifference to a medical review panel." (emphasis in original)); *Adams v. Foti*, 2004 WL 241859, *4 (E.D. La. Feb. 5, 2004) (same). Therefore, the defendant's Motion to Dismiss should be denied relative to this contention.

Turning to the plaintiff's claim that defendant Leggio violated the plaintiff's constitutional rights through the provision of inadequate dental care, the law is clear that a jail's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment, which provision protects the detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). In this context, the violation of a detainee's interest in bodily integrity, through the denial of a basic human need such as reasonable medical care, can amount to punishment under the Due Process Clause. *Partridge v. Two Unknown Police Officers of the City of Houston*, 791 F.2d 1182, 1186-87 (5th Cir. 1986). The appropriate standard to apply in analyzing a constitutional challenge by a pretrial detainee depends upon whether the constitutional challenge is seen to be an attack on a condition of confinement or a complaint about an episodic act or omission. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996). A conditions of confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement," *id.,* and in such cases, the harm is seen to be caused by the

policy or practice itself. This is true, for example, where inadequate medical care, *as a whole*, results in deplorable conditions of confinement. *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). The assumption in such cases is that the policy or practice is intentional, and the pertinent inquiry is whether the policy or practice in question is "reasonably related to a legitimate governmental purpose." *Hare v. City of Corinth, supra*, 74 F.3d at 640, 644-45. In contrast to the foregoing, if the prisoner is complaining of one or more particular acts or omissions by prison health care providers, the claim is characterized as an "episodic act or omission" case. *Hare v. City of Corinth, supra*, 74 F.3d at 645. An episodic case is presented when an independent actor or actors has been interposed between the detainee and the policy or practice of the local governmental entity that permitted the harm. *Scott v. Moore, supra,* 114 F. 3d at 53. In an episodic act or omission case, the detainee must establish that the prison health care provider had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk. *Hare v. City of Corinth, supra*, 74 F.3d at 636.

In the plaintiff's claim that remains before the Court, the plaintiff is complaining of the actions of a particular health care provider at EBRPP, Dr. Vincent Leggio. As such, the Court has previously concluded, and again concludes, that this case is properly analyzed as an episodic act or omission case and is evaluated under a deliberate indifference standard. Under this standard, in order for a prisoner-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must allege and show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or

accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*, 429 U.S. at 107. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Johnson v. Treen, supra*, 759 F.2d at 1238. Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference," *Farmer v. Brennan,* 511 U.S. 825, 839-40 (1994), and in order to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Johnson v. Treen supra*, 759 F.2d at 1238. Further, a mere delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing standard, the Court finds that the plaintiff's claim of deliberate medical indifference should be allowed to proceed at the present juncture. The plaintiff alleges that during the period of his confinement at EBRPP, he complained to defendant Leggio on numerous occasions of pain and of a need for appropriate attention to his dental needs, including the extraction of broken and/or abscessed teeth if medically warranted, but the defendant failed to take appropriate action to treat the plaintiff's condition, extract the broken/abscessed teeth, provide appropriate medication, or ensure that a referral was made to an outside facility that could provide the necessary treatment. Although the defendant apparently saw the plaintiff on

multiple occasions and prescribed medication for the plaintiff's complaints, this medication reportedly did not work or had adverse consequences, and the plaintiff allegedly experienced pain and discomfort for a substantial period of time.  While the plaintiff's medical records and the affidavit of the defendant and/or others may ultimately reflect that appropriate dental care was provided and/or that defendant Leggio was not deliberately indifferent to the plaintiff's serious medical needs, such documentation is not properly before the Court on a motion to dismiss and, as a practical matter, medical indifference claims often necessitate a motion for summary judgment in order that additional evidence in defense of such claims may be introduced.  Much medical documentation has already been filed into the record of this proceeding.  The plaintiff's deposition has been taken, and a transcript of that deposition has been introduced herein as an exhibit in connection with a prior motion for summary judgment filed by another defendant.  *See* R. Doc. 91-7.  In addition, as noted above, an affidavit executed by defendant Leggio has been prepared and submitted in connection with that prior motion.  The Court has reviewed those evidentiary submissions and has chronicled much of the plaintiff's dental treatment in addressing that prior motion.  *See* R. Doc. 108.  Considering the plaintiff's factual allegations, the status of this proceeding, the evidentiary submissions filed in the record, and the liberal pleading rules applicable to the interpretation of *pro se* pleadings, the Court finds that the plaintiff's allegations are sufficient, at this stage of the proceedings, to state a claim upon which relief may be granted and that his claims are more appropriately dealt with in connection with a subsequent motion for summary judgment.

## RECOMMENDATION

It is recommended that the Motion to Dismiss of defendant Dennis Leggio (R. Doc. 128) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings in

connection with the plaintiff's claim asserted against Dr. Vincent Leggio.

Signed in Baton Rouge, Louisiana, on January 16, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**