UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREGORY BAILEY (#21886)**                                   **CIVIL ACTION**

**VERSUS**

**E.B.R. PARISH PRISON, ET AL.**                              **NO. 12-0224-JJB-RLB**

**O R D E R**

This matter comes before the Court on the plaintiff's "Request for Written Depositions Motion" (R. Doc. 159), pursuant to which he seeks leave of Court to undertake one or more depositions by written questions as authorized by Fed. R. Civ. P. 31. The plaintiff's Motion does not indicate who he wishes to depose, state how many depositions he wishes to undertake, or identify the officer or court reporter before whom the depositions are to be taken. The plaintiff further does not provide any information regarding his ability to bear the costs of the proposed depositions. Accordingly, the plaintiff's motion shall be denied at the present time, without prejudice to re-filing in the event that the plaintiff is able to satisfy the Court relative to these prerequisites.

>Rule 31(a) of the Federal Rules of Civil Procedure provides that:
>
>(1) .... A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
>
>(2) .... A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
>>(A) if the parties have not stipulated to the deposition and:
>>
>>>(I) the deposition would result in more than 10 depositions being taken ... by the plaintiffs. or by the defendants ... [or];

*           *           *           *

        (B) if the deponent is confined in prison.

The Rule further provides detailed instructions regarding the manner in which the depositions are to be noticed and conducted, and the courts have recognized that the Rule requires "an officer" to take responses and prepare transcription of the record. *See Autery v. Smithkline Beecham Corp.*, 2007 WL 2702197, *2 n. 1 (W.D. La. Sept. 12, 2007). Whereas this provision may be waived, *see id.; Crawford v. United States Department of Homeland Security*, 245 Fed. Appx. 369, *10 (5th Cir. 2007), the plaintiff does not indicate that the defendant has agreed to dispense with these requirements. In the absence of a waiver regarding the Rule's requirements, the plaintiff must be able to pay the costs associated with the proposed depositions, which costs may be significant, including the attendance and mileage fees of witnesses and the cost to retain a competent officer to administer oaths and record and transcribe the depositions. *See, e.g., Gaia v. Smith*, 2010 WL 1257820, *1 (S.D. Tex. March 24, 2010) (noting that, "even though plaintiff is proceeding *in forma pauperis*, he cannot expect defendants, or the government to pay the deposition costs and fees"); *Brown v. Carr*, 236 F.R.D. 311, 313 (S.D. Tex. 2006) (same, noting the need to pay witness and mileage fees, as well as the cost of recording and transcribing the depositions). *See also Eggleston v. Mitchell*, 2013 WL 5351053, *4 (M.D. Pa. Sept. 23, 2013) (noting the need to pay attendance and mileage fees and, generally, the need to retain an officer qualified to administer oaths and record and transcribe the deposition); *Lopez v. Horel*, 2007 WL 2177460, *2 n. 2 (N.D. Cal. July 27, 2007) (explaining the applicable procedures and noting that a deposition upon written questions "may sound like an inexpensive way for a prisoner to do discovery but usually is not"). If the plaintiff is able to demonstrate an ability to bear the

financial and procedural burdens associated with a reasonable number of depositions upon written questions, the Court will authorize him to do so (within the allowed discovery period). In the absence of such a showing, it is appropriate, at the present time, that the plaintiff's motion be denied. Accordingly,

**IT IS ORDERED** that the plaintiff's "Request for Written Depositions Motion" (R. Doc. 159) be and it is hereby **DENIED,** without prejudice.

Signed in Baton Rouge, Louisiana, on April 24, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**